# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: March 27, 2017)
No. 16-894V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SAM HOWARD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Guillain-Barre Syndrome |
| v. | * | ("GBS"); Tetanus-diphtheria- |
| | * | acellular pertussis ("TDaP") |
| SECRETARY OF HEALTH | * | Vaccine. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Leah Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Mallori Openchowski, US Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On July 27, 2016, Sam Howard ["Mr. Howard," or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ["GBS"] as a result of receiving a tetanus-diphtheria-

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

acellular pertussis ["TDaP"] vaccination on or about July 23, 2015. *See* Stipulation, filed March 27, 2017, at ¶¶ 1-4, ECF No. 16.  Respondent denies that the TDaP immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On March 27, 2017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $132,718.94 in the form of a check payable to petitioner, Sam Howard.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| SAM HOWARD, | ) | |
| Petitioner, | ) | No. 16-894V (ECF) |
| v. | ) | Special Master Roth |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Sam Howard, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus diptheria acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a Tdap vaccine on or about July 23, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a consequence of the Tdap immunization he received on or about July 23, 2015, and further alleges that he suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Tdap vaccine caused petitioner's alleged GBS or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $132,718.94 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about July 23, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about July 27, 2016, in the United States Court of Federal Claims as petition No. 16-894V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged GBS or any other injury or any of his current disabilities.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
SAM HOWARD

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____
LEAH V. DURANT
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street, NW
Suite 900
Washington, D.C.  20006
(202) 775-9200

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

_____
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 305-0660

Dated:  3/27/17